## LIVINGSTON v. BRAINARD.

(Supreme Court, Appellate Term, First Department. February 10, 1916.)

LANDLORD AND TENANT ⟨⟩190—LEASE—RENEWAL—PARTIAL EVICTION.

Where defendant, under a lease of an apartment, used a basement storeroom not mentioned in the lease, and plaintiff, after buying the property, entered into a new lease with defendant, renewing the previous lease in accordance with all its terms, adding thereto, "Tenant to have same storeroom as during last lease," defendant was entitled to the use of the storeroom, and its occupancy by plaintiff's employés as a locker and dressing room was a partial eviction, abrogating defendant's obligation to pay rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 765–769; Dec. Dig. ⟨⟩190.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Louise Livingston against William Walter Brainard. Judgment for plaintiff, and defendant appeals. Reversed.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

William S. Pritchard, of New York City, for appellant.

Bandler & Haas, of New York City (Harry S. Bandler, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff sued for rent. The defense was partial eviction. Prior to plaintiff's purchase of the apartment house in question, defendant was a tenant of an apartment known as "8th west, on the 8th floor," under a lease. Defendant was actually using a storeroom in the basement, though this storeroom was not specifically mentioned in his lease. Thereafter plaintiff purchased the apartment house, and a document entitled "Renewal of Lease" was signed by both parties. This renewal contained the number of the apartment, the length of the renewed term, and the following clause:

"The signing of this slip by the parties hereto is an agreement to renew the lease heretofore made between said parties in accordance with all its terms, except as to privilege, if any, of renewal, and except as varied by the terms of this slip, which is to be attached to the original lease and *together therewith forms a lease* for the renewed term."

It further recites:

"The following are the variations, if any, of the terms of the original lease, and the repairs, if any, to be made."

Thereafter were recited a change in the rent, certain repairs and decorations to be made, and then the following:

"Tenant to have same storeroom as during last lease."

Defendant ultimately vacated his apartment, but continued to pay rent for several months, until he discovered that the storeroom was being used by the employés of the landlord as a locker and dressing room. This occupancy is unquestioned. The tenant thereupon ceased his payment of rent.

The learned judge below was of the opinion that the language of the renewal agreement in reference to the storeroom was not a portion of the lease, but that at most it merely referred to some collateral agreement connected with the lease, for which purpose there would be a remedy by way of breach of contract. Respondent attempts to support this finding by arguing that the clause in the renewal agreement merely gave the tenant the right to have the same storeroom "as under" the original lease. The language, however, is not "as under," but "as during," the last lease, and the renewal, therefore, contains a valid agreement permitting the tenant to have the same storeroom that he had during the last lease. The word "have" is adequate to entitle the defendant to the possession of the storeroom.

The facts, therefore, make out a clear case of partial eviction, and the judgment must be reversed, and a new trial granted, with $30 costs to appellant to abide the event. All concur.